**Opinion issued May 11, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00669-CR

_____

### ISMAEL GONZALEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Case No. 1527054**

---

## MEMORANDUM OPINION

Appellant, Ismael Gonzalez, pleaded guilty to the felony offense of aggravated assault against a public servant. On December 10, 2021, in accordance with appellant's plea agreement with the State, the trial court signed a judgment of

conviction sentencing appellant to fifteen years' imprisonment. Appellant, acting pro se, filed a notice of appeal on September 9, 2022. We dismiss the appeal.

In criminal cases, the appellant must file a notice of appeal "within 30 days after the day sentence is imposed." TEX. R. APP. P 26.2(a)(1). Because the judgment appealed was signed on December 10, 2021, appellant's September 9, 2022 notice of appeal was filed eight months after the deadline. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's notice of appeal was untimely, we lack jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1.

Moreover, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the clerk's record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex.

Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).